## LANGE vs. HOOK.

*December 24, 1880 — January 11, 1881.*

PLEADING:   *(1) Effect of amendment.*
REVERSAL OF JUDGMENT:   *(2) For technical errors.*

1. In an action for the value of work done by plaintiff for defendant, the answer contained a general denial, a counterclaim for moneys paid plaintiff by a third person for defendant's use, a plea of tender of the balance of plaintiff's claim before suit, and a second counterclaim for damages arising from plaintiff's unskillfulness in doing the work. Defendant filed amendments to the answer, striking out the general denial, and admitting all the allegations of the complaint "except the allegation of indebtedness to plaintiff and of non-payment in so far as it may deny" the tender aforesaid. *Held,* that the original answer remained in the case so far as it was consistent with these amendments; and the cause was at issue upon the questions of a payment made to plaintiff for defendant's use, and a tender of the balance.

2. Where a cause has been fairly and fully tried, and the evidence amply sustains the verdict, a judgment thereon will not be reversed for technical errors in the rulings as to evidence, or in the instructions, by which the appellant could not have been injured.

APPEAL from the County Court of *Fond du Lac* County.

Action commenced in justice's court, to recover $20 for threshing alleged to have been done by the plaintiff for the defendant. The original answer of the defendant was, *first,* a general denial; *second,* a counterclaim for $10, alleged to have been paid by one Susan to the plaintiff for the use of the defendant; *third,* a plea of tender of $10 before suit brought, and payment of the same into court; and *fourth,* a counterclaim for $10 damages for alleged unskillfulness in doing the threshing. The plaintiff recovered, and the defendant appealed to the county court. The original complaint contained other charges, but the plaintiff filed an amended complaint in the county court, excluding all but the charge for threshing. It also contains an averment that the defendant took upon himself all damage which might happen in doing the work, and was to have no claim against the plaintiff. The defendant also filed

in the county court amendments to his answer, striking out the general denial, and admitting all the allegations of the complaint " except the allegation of indebtedness to plaintiff, and of non-payment, in so far as it may deny a tender of $10 to plaintiff before the commencement of the action." The trial in the county court resulted in a verdict for the defendant. A motion for a new trial was denied, and judgment entered pursuant to the verdict. Plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *Henry J. Gerpheide.*

For the respondent there was a brief by *William H. Hurley,* his attorney, with *T. W. Spence,* of counsel, and oral argument by *Mr. Spence.*

LYON, J. It is contended for the plaintiff that there was no issue to try, and that the plaintiff is entitled to judgment on the pleadings. The ground of this claim is, that the amendments to the answer constitute in fact an amended answer, and that the original answer is out of the case. This is not our view of the matter. It is perfectly obvious that the defendant did not intend to supersede his original answer by filing amendments thereto, but merely to narrow the issue, as the plaintiff had already done by dropping from his original complaint every claim except for the threshing. The amendments of defendant struck from his answer the general denial, and, by admitting the truth of the amended complaint, he admitted that he had no valid claim against the plaintiff for unskillful work. Construing the pleadings in accordance with the manifest intention of the pleaders, we think the claim of the plaintiff for $20 stands admitted, and the claim of the defendant for $10 — money had and received for his use by the plaintiff,— and the plea of a tender of $10, remain in the case, and are the only issues in it. The burden was upon the defendant to establish these issues; and hence the court on the

trial properly awarded the opening and close of the case to him.

The plaintiff admitted the tender of $10 before suit brought, and the defendant proved the due payment of the money into court for the use of the plaintiff. That disposed of the plea of a tender in favor of the defendant, and left only for trial the issue on the counterclaim for $10 had and received.

The evidence was somewhat in conflict on this issue, but it tended to prove that the threshing machine wasted grain; that Susan, of whom ,the plaintiff purchased it (or his agent for him), agreed that if defendant would allow the threshing to proceed he would pay the damages, the plaintiff at the same time agreeing to become security for such payment, and that thereupon the defendant allowed the plaintiff to go on with the work; and that Susan and the defendant liquidated the damages at $10, and subsequently, when the plaintiff settled with Susan for the machine, that sum was allowed him by Susan for the defendant, and the same was deducted from the contract price of the machine. The court instructed the jury, in substance, that if they found the foregoing facts established by the evidence, the defendant was entitled to their verdict. The charge of the court may be open to some technical criticism, but, as a whole, it submitted the case fairly to the jury, and we do not think the jury could have been misled by it. The same remark is applicable to the rulings of the court on objections to testimony. The case seems to have been fully and fairly tried, and the evidence abundantly sustains the verdict. We have no doubt that substantial justice has been done, and we decline to disturb the judgment on any mere technicality.

*By the Court.*— Judgment affirmed.